# 2009 DTA 117

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMÓN**
**PANEL VI**

COMUNIDAD DE BIENES LEVY CUMPIANO, COMPUESTA POR VIRGINIA ECHEANDÍA IÑIGO, RICARDO LEVY ECHEANDÍA, RAMÓN LEVY ECHEANDÍA, FIDEICOMISO LEVY-ECHEANDÍA REPRESENTADO POR SUS FIDUCIARIOS RICARDO LEVY ECHEANDÍA Y RAMÓN LEVY ECHEANDÍA
Demandantes

v.

THREE O CONSTRUCTION, S. E.
Demandados

------------------------------------------

SALVADOR MORALES PÉREZ, ELSA GONZÁLEZ RUIZ Y LA SOCIEDAD LEGAL DE GANANCIALES CONSTITUIDA ENTRE AMBOS, POR SÍ Y EN SU CAPACIDAD DE EX ACCIONISTAS Y EX DIRECTORES DE ANTARES ENTERPRISES, INC.
Demandantes

v.

LA SUCESIÓN DE FRANCISCO LEVY CUMPIANO, COMPUESTA POR SU VIUDA VIRGINIA ECHEANDÍA IÑIGO, RICARDO LEVY ECHEANDÍA, RAMÓN LEVY ECHEANDÍA Y LOS HEREDEROS DE FRANCISCO LEVY ECHEANDÍA INTEGRADA POR SU VIUDA PROVIDENCIA MERINO Y SUS HIJOS, ET ALS.
Demandados

Núm. KLAN-2008-01384

San Juan, Puerto Rico, a 14 de agosto de 2009

Panel integrado por su Presidente, el Juez Rivera Román,
y los Jueces Coll Martí y Vizcarrondo Irizarry

Rivera Román, Juez Ponente

El señor Salvador Morales Pérez, su esposa Elsa González Ruiz y la Sociedad Legal de Gananciales compuesta por ambos (Morales-González), presentaron recurso de apelación para que se revoque la sentencia dictada por el Tribunal de Primera Instancia. En la sentencia se declaró *ha lugar* la demanda de cobro de dinero instada por la Comunidad de Bienes Levy Cumpiano contra *Three O* Construction S.E. y se desestimó la demanda instada por los Morales-González contra la Sucesión Francisco Levy Cumpiano.

Por los fundamentos que exponemos a continuación, se confirma la sentencia.

## I

Antares Enterprises, Inc. (Antares) y los Morales-González obtuvieron solidariamente un préstamo de Eurobank por la suma de $500,000. Como causa parcial del contrato de préstamo, Antares otorgó a favor de Eurobank una serie de contratos de cesión de crédito en los meses de abril y mayo de 1997. En estos contratos de cesión, Antares le cedió a Eurobank los derechos, cuentas por cobrar y arrendamientos de varios contratos de arrendamiento de obras. Entre los contratos cedidos a Eurobank se encontraba el proyecto Liborio Ortiz *Public Housing* y el proyecto *Addition to Navy Lodge, Building 2303*. Después de varios años, en diciembre de 2004, Eurobank recibió el pago completo de la deuda de Antares por parte de la Sucesión Francisco Levy Cumpiano y cedió entonces a favor de la Sucesión Francisco Levy Cumpiano todos los derechos y créditos que tenía Eurobank frente a Antares.

La Sucesión Levy Cumpiano, mediante carta, le reclamó a *Three O* Construction, S.E. (*Three O*) el pago de las sumas adeudadas a Antares que correspondían al proyecto Liborio Ortiz *Public Housing* por la suma de $31,539.00 y el proyecto *Addition to Navy Lodge Building* 2303, por la suma de $20,918.90. *Three O* reconoció mediante carta la existencia de la deuda aunque alegó que los balances pendientes de pago eran: $4,004.19 del proyecto Liborio Ortiz *Public Housing* y $33,872.40 del proyecto *Addition to Navy Lodge Building* 2303.

Así las cosas, la Comunidad de Bienes Levy Cumpiano instó demanda de cobro de dinero contra *Three O*, en enero de 2007. Por su parte, *Three O* reconoció la deuda que tenía a favor de Antares, pero no su cuantía y presentó demanda contra terceros y consignó en el Tribunal una cantidad. Como terceros incluyó a Antares, Danosa Caribbean Inc. (Danosa) y a Salvador Morales Pérez. *Three O* alegó en su demanda que además de la reclamación de la Comunidad de Bienes Levy Cumpiano presentada en enero de 2007, la compañía Danosa Roofing Products, el 26 de junio de 1998, presentó reclamación de $65,718.75 en su contra y de igual manera en febrero de 2004, Salvador Morales le había presentado reclamación por los trabajos realizados por Antares. A estos efectos, *Three O* consignó en el Tribunal $49,591.59, suma que reconoció que adeudaba a Antares. La Comunidad de Bienes Levy Cumpiano presentó entonces solicitud de sentencia sumaria, en marzo de 2007. Luego de varios trámites procesales, *Three O* radicó solicitud de desistimiento sin perjuicio de su demanda contra terceros en cuanto a los demandados Antares y Salvador Morales Pérez y la misma fue declarada con lugar por el Tribunal mediante sentencia parcial.

Por otro lado, los Morales-González, por si y en capacidad de ex directores de Antares presentaron demanda el 18 de mayo de 2007 contra la Sucn. Levy Cumpiano. Los Morales-González alegaron que habían organizado la corporación Antares Enterprises, Inc., dedicada a la impermeabilización de techos y que ésta quedó insolvente en junio de 1997 y se disolvió en septiembre de ese mismo año. Mediante declaración jurada del señor Salvador Morales, los Morales-González alegaron que el señor Ricardo Levy Echeandía le ofreció al señor Salvador Morales quedarse con 12 proyectos de impermeabilización de techos que tenía Antares y tomar maquinarias y equipos de Antares a cambio de pagar las deudas que tenía Antares, las cuales incluían una deuda que tenían con Danosa y una deuda con Eurobank.

Los Morales-González alegaron que los hermanos Ricardo Levy, Francisco Levy, Ramón Levy, junto a su padre Francisco Levy Cumpiano (Familia Levy) fundaron la corporación Sistemas de Techo Inc., y que adquirieron de Antares los materiales, proyectos, activos de la corporación, así como todo el personal que antes trabajaba para la corporación mediante acuerdo logrado en agosto de 1997. Señalaron que la Familia Levy simuló dos contratos de préstamos que dieron a firmar al señor Salvador Morales para disfrazar la adquisición de los contratos y activos de Antares.

En la demanda, los Morales-González solicitaron como remedio que se condenara a *Three O* a pagar las sumas adeudadas a Antares, utilizando dicho pago para la deuda que Antares tenía con Danosa, y así, que la Sucesión Levy Cumpiano pagara de manera solidaria las sumas adeudadas a Danosa por parte de Antares.

Así las cosas, mediante solicitud de la Comunidad de Bienes Levy Cumpiano y *Three O*, el Tribunal emitió resolución en la que consolidó los casos *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.*, DCD2007-0019, y *Salvador Morales Pérez v. Sucesión de Levy Cumpiano*, DCD2007-1482, por éstos litigar los mismos hechos.

En cuanto al caso *Salvador Morales Pérez v. Sucesión de Levy Cumpiano*, la Comunidad de Bienes contestó la demanda instada contra los miembros de la Sucesión Levy Cumpiano; por su parte, los Morales-González solicitaron que se anotara la rebeldía de la Sucesión Levy Cumpiano por ésta no haber comparecido. Además, los Morales-González presentaron solicitud de enmienda a la demanda con el fin de que se acumularan partes adicionales. La Comunidad de Bienes Levy Cumpiano presentó Oposición a la Solicitud de Enmienda a la Demanda, Solicitud de Sentencia Sumaria y además presentó Solicitud de Desestimación de la Demanda al amparo de la Regla 10.2 (5) en el caso *Salvador Morales Pérez v. Sucesión de Levy Cumpiano*. Por su parte, los Morales-González no presentaron oposición a la moción de sentencia sumaria presentada.

El Tribunal de Primera Instancia señaló conferencia con antelación a juicio y ésta no fue celebrada debido a que los Morales-González no presentaron su parte del informe preliminar de conferencia entre abogados. El Tribunal examinó las solicitudes emitidas por las partes y dictó entonces sentencia sumaria en los dos casos consolidados porque, según concluyó, no existían controversias reales de hecho que ameritaran la celebración de un juicio.

Inconforme con la determinación, los Morales-González presentan recurso de apelación. Sostienen que incidió el Tribunal de Primera Instancia al no anotar la rebeldía de los miembros de la Sucesión Levy Cumpiano, a pesar de haber sido emplazados. Alegan además que el Tribunal de Primera Instancia erró al no permitir demanda de intervención de los Morales-González en el pleito de *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.* y no permitir las enmiendas a la demanda solicitadas en el caso *Salvador Morales Pérez v. Sucesión de Levy Cumpiano*. Como último señalamiento de error aducen que erró el Tribunal de Primera Instancia al dictar sentencia sumaria a favor de la Comunidad de Bienes Levy cuando existía una controversia de hechos esenciales. Por su parte, la Comunidad de Bienes Levy Cumpiano presentó alegato de oposición a la apelación.

Teniendo el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### 1. La teoría de los contratos y el contrato de cesión

La teoría de los contratos en nuestro ordenamiento jurídico se fundamenta en el principio de libertad de contratación que reconoce la autonomía de la voluntad de los contratantes. *BPPR v. Sucn. Talavera*, **2008 J.T.S. 152**, 174 D.P.R. ___ (2008); *De Jesús González v. A.C.*, 148 D.P.R. 255, 263 (1999). Así lo dispone el Art. 1207

de nuestro Código Civil, 31 L.P.R.A. sec. 3372, el cual establece que "[l]os contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público". Los requisitos esenciales para la validez de un contrato son: (1) consentimiento de los contratantes; (2) objeto cierto que sea materia del contrato; y (3) causa de la obligación que se establezca. Art. 1213 del Código Civil, 31 L.P.R.A. secc. 3391; *Quest Diagnostic v. Mun. San Juan,* **2009 J.T.S. 80**, 175 D.P.R. ___ (2009*); García Reyes v. Cruz Auto Corp.*, **2008 J.T.S. 112**, 173 D.P.R. ___ (2008).

Un contrato existe desde que una o varias personas consienten en obligarse a dar alguna cosa, o prestar algún servicio. Art. 1206 del Código Civil, 31 L.P.R.A. sec. 3371; *Amador v. Conc. Igl. Univ. de Jesucristo,* 150 D.P.R. 571, 581 (2000). Los contratos se perfeccionan por el mero consentimiento y desde entonces obligan no sólo al cumplimiento de lo pactado expresamente, sino también a las consecuencias que según su naturaleza sean conformes a la buena fe, al uso y a la ley. Art. 1210 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3375; *Jarra Corp. v. Axxis Corp.*, 155 D.P.R. 764, 772 (2001); *Irizarry López v. García Cámara,* 155 D.P.R. 713, 725 (2001). Según lo establecido en nuestra jurisprudencia y conforme a lo dispuesto en nuestro Código Civil, siempre que concurran las condiciones esenciales para su validez, los contratos serán obligatorios independientemente de la forma en que se hayan celebrado. Art. 1230 del Código Civil, 31 L.P.R.A. sec. 3451; *VELCO v. Industrial Serv. Apparel,* 143 D.P.R. 243, 250 (1997).

En lo que respecta a la figura de la cesión de crédito, se encuentra recogida en los Artículos 1416 al 1426 del Código Civil, 31 L.P.R.A. sec. 3941-3951. El Tribunal Supremo de Puerto Rico ha evaluado la cesión de crédito en varias ocasiones y define la figura como un negocio jurídico celebrado por el acreedor, al que se denomina como cedente, con otra persona, que se le llama cesionario, por virtud del cual el acreedor cedente le transmite al cesionario la titularidad del derecho de 'crédito cedido'. *Consejo de Titulares v. C.R.U.V.,* 132 D.P.R. 707, 717 (1993); *IBEC v. Banco Comercial,* 117 D.P.R. 371, 376 (1986). La cesión de crédito se trata de la operación mediante la que un tercero, sustituye al acreedor y se convierte en el titular activo de una obligación. *IBEC v. Banco Comercial, supra,* pág. 376. A partir de la transmisión del crédito, el cesionario se instala entonces en la misma posición y relación obligatoria con respecto al deudor. *Id.*

Como bien sabemos, es un principio fundamental que "[t]odos los derechos adquiridos en virtud de una obligación son transmisibles con sujeción a las leyes, si no se hubiese pactado lo contrario". Art. 1065 del Código Civil, 31 L.P.R.A. sec. 3029; *Consejo de Titulares v. C.R.U.V., supra,* pág. 718. La transmisibilidad de los derechos de créditos adquiridos en virtud de una obligación es un principio fundamental del Derecho contemplado en nuestro ordenamiento jurídico. Así pues, mediante la cesión de crédito se le permite al acreedor o cedente transmitir su crédito al cesionario. *Consejo de Titulares v. C.R.U.V., supra,* pág. 718.

En cuanto a los elementos esenciales de la cesión de crédito, se ha establecido "que son aquellos que la ley exige para todo negocio jurídico: que la declaración (o declaraciones) de voluntad sea hecha por persona (o personas) con capacidad y que exista la concurrencia de consentimiento, objeto y causa." *Consejo de Titulares v. C.R.U.V., supra,* pág.724.

El Tribunal Supremo ha resuelto que cuando un contratista cede el crédito que tiene contra el dueño de la obra antes de que los obreros o abastecedores de materiales hayan intentado su acción, la cesión les perjudicará, aunque les quedará a éstos el derecho de atacar la cesión si entienden que la misma es simulada y fue realizada en su fraude. *The Comm. Ins. Co. v. Cía. de Fomento Ind.,* 123 D.P.R. 150, 159 (1989). Así pues, el Tribunal ha expresado que "*de ordinario,* habiéndose otorgado un contrato de cesión de pagos entre el contratista de una obra y un tercero en *fecha anterior* a la reclamación de los obreros o suplidores de materiales de dicha obra, la *acreencia de éstos no tendrá prelación o preferencia sobre la del cesionario*". (Énfasis en el original) *Id.*

## 2. La intervención

La intervención es el mecanismo procesal mediante el cual un tercero puede incorporarse como parte en un litigio pendiente en los tribunales. Regla 21 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* San Juan, Michie de Puerto Rico, 1997, pág. 121.

En cuanto a la intervención en un pleito como cuestión de derecho, la Regla 21.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone en lo pertinente que para que ésta proceda la parte interventora debe establecer un interés suficiente o de envergadura que pudiera ser menoscabado y que existe inadecuada representación en el pleito para protegerlo. *Chase Manhattan Bank v. Nesglo, Inc.,* 111 D.P.R. 767, 770 (1981); *Ready Mix Concrete, Inc. v. Ramírez de Arellano y Co. Inc.,* 110 D.P.R. 869, 873 (1981); J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, **Publicaciones J.T.S.,** 2000, T. I, pág. 431.

Por su parte, la Regla 21.2 regula la intervención permisible que estipula, en lo pertinente, que mediante oportuna solicitud *podrá* permitirse a cualquier persona intervenir en un pleito:

"[C]uando la reclamación o defensa del solicitante y el pleito principal tuvieren en común una cuestión de hecho o de derecho. [...] Al ejercer su discreción, el tribunal considerará si la intervención dilatará indebidamente o perjudicará la adjudicación de los derechos de las partes originales." 32 L.P.R.A. Ap. III.

La intervención permisible, aun cuando se solicite oportunamente, no tiene que ser concedida por el tribunal, porque está sujeta la discreción de éste. Puede entonces el tribunal concederla dependiendo si causa dilación o no en los procedimientos, o si el permitirla perjudicaría la adjudicación de los derechos de las partes originales. Hernández Colón, *op. cit.,* pág. 123. Al resolver si autoriza una intervención, el Tribunal considerará un balance entre "el interés en la economía procesal representada por la solución en un sólo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que las pleitos se compliquen y eternicen innecesariamente". *Chase Manhattan Bank v. Nesglo, Inc., supra,* pág. 770.

## 3. La sentencia sumaria

La figura de la sentencia sumaria se encuentra regulada en la Regla 36 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III, y tiene como propósito posibilitar la solución justa, rápida y económica de los litigios qué no presentan controversias genuinas sobre los hechos materiales. *Vera v. Dr. Bravo, et als.,* 161 D.P.R. 308, 331 (2004); *Fernández & Gutiérrez v. Mun. San Juan,* 147 D.P.R. 824, 833 (1999); *Hurtado v. Osuna,* 138 D.P.R. 801, 809 (1995).

La sentencia sumaria podrá dictarse a favor de la parte que lo solicita si del examen de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, se demuestra que no hay controversia real sustancial en cuanto a ningún hecho material y que debe dictarse la moción como cuestión de derecho. Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III; *Vera v. Dr. Bravo, et als.,* 161 D.P.R. 308, 332-333 (2004).

El Tribunal Supremo ha señalado que la sentencia sumaria es un remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y "ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción". *J.A.D.M. v. Centro Com. Plaza Carolina,* 132 D.P.R. 785, 802 (1993); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986). La sentencia sumaria procede cuando el promovido no puede prevalecer bajo ningún supuesto de hechos y cuando el Tribunal cuenta con la verdad de todos los hechos necesarios para resolver una controversia. *Rivera v. Depto. de Hacienda,*

149 D.P.R. 141, 154 (1999). La sentencia sumaria sólo se dictará en casos claros y cualquier duda deberá ser resuelta contra la parte que la solicita. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563, 575 (1997).

## 4. La moción de desestimación bajo la Regla 10.2 de Procedimiento Civil

La Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que la parte demandada podrá exponer ciertas defensas fundamentadas en apoyo de una solicitud de desestimación antes de hacer una alegación responsiva. Esta regla, en su inciso (5), establece como fundamento para solicitar la desestimación, que la demanda no expone una reclamación que justifique la concesión de un remedio. 32 L.P.R.A. Ap. III, R. 10.2 (5). Al evaluar una moción de desestimación por este fundamento, el juez sentenciador deberá tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Colón v. Lotería*, 167 D.P.R. 625, 649 (2006); *Sánchez v. Aut. De los Puertos*, 153 D.P.R. 559, 569-570(2001); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 D.P.R. 497, 505 (1994).

A tenor con lo dispuesto en la Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2 (5), cuando la defensa que se invoca es que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, y la moción de desestimación expusiera materias no contenidas en la demanda y no excluidas por el tribunal, deberá ser considerada como una solicitud de sentencia sumaria sujeta a todos los trámites posteriores provistos en la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, hasta su resolución final. *Luán Invest. Corp. v. Rexach Const. Co.*, 152 D.P.R. 652, 664 (2000). Siendo en estos casos de aplicación la jurisprudencia referente a la sentencia sumaria.

## 5. Las enmiendas a la demanda

La Regla 13.1 de las de Procedimiento Civil, en lo aquí pertinente, dispone que las partes podrán enmendar su alegación únicamente con permiso del tribunal y éste se conocerá *liberalmente* cuando la justicia así lo requiera. 32 L.P.R.A. Ap. III. A tono con lo dispuesto en la Regla 13.1, *supra*, el Tribunal Supremo de Puerto Rico ha reafirmado que la autoridad conferida al foro de instancia para permitir enmiendas a la demanda debe ejercerse liberalmente. *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 D.P.R. 829, 836 (1992).

Sin embargo, la liberalidad de la regla no es infinita. *Epifanio Vidal, Inc. v. Suro*, 103 D.P.R. 793, 796 (1975). Al determinar si se permite o no una enmienda, debe el Tribunal considerar entre el momento en que se solicita, su impacto para la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de la enmienda para la demora e inacción original, el perjuicio que conllevaría para la otra parte y los méritos intrínsecos de la defensa que tardíamente se presenta. *Ortiz Díaz v. R & R Motor Sales Corp.*, *supra*, págs. 836-837; *Vidal Inc. v. Suro*, *supra*, pág. 796; *Torres Cruz v. Municipio*, 103 D.P.R. 217, 220 (1975).

El Tribunal Supremo ha expresado que "el poder de los tribunales para permitir unas enmiendas a las alegaciones es amplio, y tiene que demostrarse un claro abuso de discreción o un perjuicio manifiesto a la parte contraria para que se revoque la actuación del juez". *Neca Mortgage Corp. v. A & W Developers*, 137 D.P.R. 860, 868 (1995). Por lo que "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int'l News*, 151 D.P.R. 649, 664 (2000).

## III

Para una mejor comprensión del análisis del caso, primero discutiremos el cuarto planteamiento de error en el que los Morales-González señalan que incidió el Tribunal de Primera Instancia al dictar sentencia sumaria a favor de la Comunidad de Bienes Levy. Ellos alegan que existe una controversia de hechos esenciales que apunta a que el dinero consignado en el Tribunal por parte de *Three O* debe utilizarse para pagar la acreencia que tiene Danosa

contra Antares.

Surge de los documentos presentados que Antares le cedió a Eurobank los créditos de varios proyectos de entre los cuales se encontraba la acreencia de Liborio Ortiz *Public Housing* y *Addition to Navy Lodge Building* 2303, ambos proyectos de la Constructora *Three O*. También surge de los documentos presentados que Eurobank le cedió a la Sucesión Francisco Levy Cumpiano todos los derechos y créditos que tenía a su favor frente Antares.

Conforme a nuestro ordenamiento jurídico, la cesión de crédito es un negocio jurídico celebrado por el acreedor, al que se denomina como cedente, con otra persona, que se le llama cesionario, por virtud del cual el acreedor cedente le transmite al cesionario la titularidad del derecho de 'crédito cedido'. El cesionario, en este caso Eurobank y luego la Sucesión Levy Cumpiano se instala entonces *en la misma posición y relación obligatoria con respecto al deudor*, en este caso *Three O*, a partir de la transmisión del crédito.

El Tribunal Supremo ha expresado que la cesión por el contratista del crédito que tiene contra el dueño de la obra antes que los obreros hayan intentado su acción perjudica a éstos. Habiéndose otorgado un contrato de cesión de pagos entre el contratista de una obra y un tercero en fecha anterior a la acreencia de éstos, no tendrá prelación o preferencia sobre la del cesionario aunque tendrán el derecho de atacar la cesión si entienden que la misma es simulada y que fue realizada en su fraude. *The Comm. Ins. Co. v. Cía. De Fomento Ind.*, *supra*, pág. 159.

Los documentos examinados demuestran que la cesión de crédito sobre los proyectos que aquí conciernen realizada por Antares hacia Eurobank ocurrió mediante contrato suscrito y reconocido ante Notario Público el 11 de abril de 1997. Luego de la cesión del crédito de Antares a Eurobank, el 28 de junio de 1998, Danosa presentó reclamación contra Antares. Habiendo Antares cedido el crédito que tenía a Eurobank un año y dos meses antes de la reclamación de Danosa, y a tono con lo expresado en *The Comm. Ins. Co. v. Cía. De Fomento Ind.*, *supra*, pág. 159, procede que la suma consignada en el Tribunal por *Three O* sea concedida a favor de los integrantes de la Sucesión Francisco Levy Cumpiano.

No se proveyó documento o alegación que cuestionara la validez de dichos contratos. Por lo que no está en controversia que *Three O* era deudor de Antares, tampoco está en controversia que Antares le cedió sus créditos a Eurobank y que Eurobank le entregó sin ningún tipo de reserva a la Sucesión Francisco Levy Cumpiano todos los derechos y créditos que éste tenía frente a Antares. Según los documentos presentados, no hay controversia real sustancial en cuanto a ningún hecho material, y en virtud del contrato de cesión de crédito, la Sucesión Levy Cumpiano es acreedora de los créditos de *Three O* y está en todo el derecho de reclamar las sumas que originalmente le adeudaban a Antares, por lo que la moción de sentencia sumaria procede como cuestión de derecho. No erró el Tribunal de Primera Instancia al declarar con lugar la demanda a favor de la Comunidad de Bienes Levy Cumpiano.

Los Morales-González reclaman como única causa de acción en la demanda *Salvador Morales Pérez v. Sucesión Levy Cumpiano* que se adjudique el pago consignado en el Tribunal por *Three O* a Danosa. Alegación de cobro que ya está contemplada en el caso *Comunidad de Bienes Levy Cumpiano v. Three O Construction*. La controversia principal en ambos pleitos consolidados se reduce a determinar a quién le pertenece el crédito que tenía Antares frente a *Three O* que, según los hechos que obran en el expediente, fue cedido por Antares a Eurobank y luego cedido por Eurobank a la Sucesión Francisco Levy Cumpiano. Los Morales-González no presentaron prueba documental alguna que cuestionara o refutara la existencia de los contratos de cesión de crédito concedidos por parte de Antares a Eurobank y por parte de Eurobank a la Sucesión Francisco Levy Cumpiano. No alegaron hecho que adujera derecho sobre los créditos que le fueron cedidos a Eurobank por Antares. Así pues, no demostraron controversia alguna de hechos que le adjudicara derecho sobre los créditos que Antares cedió a Eurobank, entre ellos incluido el de *Three O*.

Por otra parte, aducen los Morales-González que son parte indispensable en el pleito de *Comunidad de Bienes*

*Levy Cumpiano v. Three O Construction S.E.* por alegadamente tener un interés en la deuda de Antares. Sin embargo, el interés que debe tener una persona en el pleito para que se le considere parte indispensable "[n]o es cualquier interés sobre un pleito, sino que se trata de un interés de tal orden que impida la confección de un decreto adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado,* **2007 J.T.S. 176**, 172 D.P.R. ___ (2007); *Deliz et als. v. Igartúa et als.,* 158 D.P.R. 403, 433 (2003); *Torres v. Alcalde de Mun. de Carolina,* 135 D.P.R. 108, 121 (1994). Este interés debe ser uno real e inmediato y no tratarse de meras especulaciones o de un interés futuro. *Pérez Rosa v. Morales Rosado,* supra; *Deliz et als. v. Igartúa et als., supra,* pág. 435.

El pleito *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.* trata sobre la reclamación de cobro de dinero de la Comunidad de Bienes Levy Cumpiano frente a *Three O* que a su vez demanda contra tercero a Danosa. Las alegaciones de los Morales-González sobre unos contratos de préstamos que alegadamente fueron simulados no tienen relación jurídica con la reclamación del crédito de *Three O*. La existencia de estos contratos no guarda relación ni cuestiona la legalidad de los contratos de cesión de crédito que se alegan en el pleito *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.*. Por lo que estas alegaciones no demuestran que los Morales-González tengan un interés real e inmediato en el pleito. Tampoco se ven destruidos los derechos o intereses de los Morales-González por la decisión del pleito *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.*, ya que la sentencia no está prejuzgando la inexistencia de deuda o responsabilidad que pudiera existir entre la Sucesión Levy Cumpiano y los Morales-González en virtud de algún contrato otorgado entre ellos, sino que la controversia del pleito y la determinación del Tribunal se circunscribe a dirimir a quién le correspondían los créditos que *Three O* había consignado en el Tribunal.

Señalan los Morales-González que el Tribunal de Primera Instancia erró al no permitir demanda de intervención de ellos en el pleito de *Comunidad de Bienes Levy Cumpiano v. Three O Construction S.E.* Como anteriormente explicamos, los Morales González no eran parte indispensable en este pleito. Por otro lado, la intervención permisible, aun cuando se solicite oportunamente, no tiene que ser concedida por el tribunal porque está sujeta a la discreción de éste. Puede entonces el tribunal concederla, luego de considerar otros criterios importantes, tales como, si *causa dilación o no en los procedimientos* o si el permitirla perjudicaría la adjudicación de los derechos de las partes originales. Aceptar o no la intervención es un ejercicio dentro de la discreción del Tribunal de Primera Instancia, por lo que esta decisión no será alterada en el foro apelativo, salvo que se demuestre un abuso de discreción por parte del foro recurrido. Los Morales-González no han demostrado abuso de discreción por parte del Tribunal de Primera Instancia.

Los Morales-González también señalan que erró el Tribunal de Primera Instancia al no permitir las enmiendas a la demanda solicitadas en el caso *Salvador Morales Pérez v. Sucesión de Levy Cumpiano*. En su escueta solicitud para enmendar la demanda solicitaban acumular como partes adicionales al pleito *Salvador Morales Pérez v. Sucesión de Levy Cumpiano,* las corporaciones Francisco Levy Hijo, Inc. y Metal Forms Leasing Company, Inc. porque, según alegaban, los contratos otorgados entre estas corporaciones y Antares habían sido simulados a fin de que Antares pagara la nómina. Sin embargo, estas alegaciones no aducen derechos o hechos adicionales que guarden relación con el remedio solicitado, que era requerir a *Three O* pagar a Danosa el dinero consignado en el Tribunal.

Las Reglas de Procedimiento Civil permiten la acumulación de partes relacionadas con "o que surja del mismo acto, omisión, evento, o serie de actos, omisiones o eventos siempre que cualquier cuestión de hecho o de derecho, común a todas, hubiere de surgir en el pleito". Regla 17.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Los contratos que alegadamente se suscribieron entre Antares y las corporaciones que los Morales-González pretenden añadir al pleito en la moción de enmienda a la demanda no forman parte de un acto, evento o serie de actos relacionados como cuestión de derechos o hechos a la controversia tratándose la misma sobre quién era el acreedor preferente de los créditos de *Three O*.

Si bien es cierto que conforme a nuestra política judicial la autoridad conferida al foro de instancia para

permitir enmiendas a la demanda debe ejercerse liberalmente, la liberalidad de la regla no es infinita. Además, el poder de los tribunales para permitir enmiendas a las alegaciones es amplio, por lo que es necesario demostrar un claro abuso de discreción o un perjuicio manifiesto para que se revoque la actuación del juez. Así pues, conforme los alegatos del presente caso, no surge prueba que demuestre abuso de discreción o perjuicio manifiesto por parte del Tribunal de Primera Instancia que nos mueva a revocar el dictamen. Además, en lo referente a las determinaciones interlocutorias discrecionales del foro de instancia, los tribunales apelativos no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción.

Aduce el matrimonio Morales-González que erró el Tribunal de Primera Instancia al no anotar la rebeldía de los miembros de la Sucesión Levy Cumpiano, a pesar de que éstos fueron emplazados. Declarada la legalidad de la cesión y en vista de que la Sucesión Levy Cumpiano es a quien en derecho le corresponden los créditos de *Three O*, como en efecto resuelve la sentencia, sería inconsecuente postergar el proceso atendiendo cuestiones procesales que no alteran el remedio que conforme a derecho dictó la sentencia. No se cometieron los errores alegados.

## IV

Por los fundamentos antes expuestos, se confirma la sentencia del Tribunal de Primera Instancia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones